The opinion of the Court was delivered by
Gibson J.
It is a general rule, that the owner of a warrant shall not be prejudiced by the neglect of the deputy surveyor in not returning the survey; but it is subject to exceptions. A survey made on a shifted location or warrant vests no interest in the land, before it is in fact returned into office; for a purchaser, without notice of the prior survey, appropriating the same land, will hold it, notwithstanding the return was delayed by the negligence of the officer. The chief reason of the difference between a survey on an indescriptive and on a shifted location or warrant, seems to be this: in the case of the former, the marks on the ground will put a party on inquiry, in prosecuting which he will find nothing to give rise to a belief, that the survey on the ground was not made on the indescriptive warrant or without authority; and therefore the interest shall attach from the date of the survey. But in the case of a shifted right, all inquiry will prove fruitless before the return of survey, as it would terminate without discovering any office right, that could by any possibility *351 be applied to the land, it being impossible in such a case to connect the description in the warrant with the survey on the ground; a settler or purchaser might, therefore, reasonably conclude such survey was made without authority. In the latter case, to prevent surprise on third persons, it behoves the owner to get his survey returned as soon as possible, for an adverse survey made before the return, and without actual notice of the prior survey, will prevail. These principles have some bearing on the case before us. The defendants below claimed under a descriptive warrant, on which a survey was made the 13th September, 1773, the lines pf which as actually run and marked on the ground, exclude the land in dispute, but at the same time the survey was made, or immediately afterwards, it was included by protraction of the lines on paper. Mr. Smith, the deputy surveyor, was paid his fees at the same time, but the survey was not returned before the 6th April, 1796. The plaintiff claims under a patent dated the 21st September, 1789, without notice having been brought home to him of the extension of the defendant’s lines by protraction. Can his title, accruing before the return of defendant’s survey, be affected by an alteration made on paper, of which he could not be apprised ? If Holliday, the warrantee, was dissatisfied with the lines run, he had a right to require the surveyor to go again on the ground, and by actually running and marking new lines, and obliterating the old ones departed from, to correct whatever had been done amiss. This having been omitted, the land excluded by the lines on the ground remained open to other purchasers without notice, who might appropriate it at any time before the return of survey. But it is contended, this survey while in the hands of the deputy surveyor was notice. I can see no reason for that; because the survey appearing from the marks on the grounds to have been complete, and to have excluded the land in dispute, there was nothing to create a suspicion, that the protraction on paper was different, or that could serve to. put a subsequent purchaser on inquiry.
It is further objected, that the Court instructed the jury, that the recitals in the plaintiff’s patent of certain intermediate conveyances from Houston, the original warrantee, to the patentee, were evidence of those conveyances. The abstract rule on the subject is clearly laid down in Bonnet v. Devebaugh, and the other cases in Binney's Reports. A *352 deed reciting a fact is evidence of such fact against the grant* or and all claiming under him, by' a transfer of his interest subsequently7 made. In Penrose v. Griffiths, the reason of the rule is rightly given by the Chief Justice; a recital amounts to a confession of the grantor, and therefore affects him and all who claim under him, and stand in his stead. The question then is, whether the defendants derive their title, such as it is, from the date of their warrant or from the return of their survey. I apprehend they can claim by title, as to the land in dispute, only from the return of survey. A grant by the state of a portion of her land, then not measured off from the common stock, must necessarily be uncertain as to the identity of the very land granted, unless it be described by natural boundaries as in case of an island. A description in a warrant may designate the spot where the location is to be made ; still, however, a survey is necessary to define specifically, the exclusive boundaries of the object of the contract. The grantee has the right of directing the application of the warrant to suit himself, and having thus designated his boundary, the object of the grant is as definitely ascertained as if its boundaries had been originally fixed by the terms of the contract, and the interest vests from the date. When a warrantee has bounded his pretensions by lines run and marked, he has fully exercised his right as to the land to be appropriated; and having done so, the state might with strict justice hold him to his choice; for the customary permission to locate his grant over again before return of survey was at first a matter of indulgence, not of right; and is still never allowed where third persons are concerned. Now Holliday, the warrantee, executed the contract with the state in making a survey which excluded this land; and it then ceased to be the subject of contract between him and the state if it had been so before. If then the defendants derive title from the state, it must be on the ground of a new contract, different from that which was executed by the warrantee, and which must relate to the return of survey, because the assent of the Commonwealth is not given before that time. But if a warrantee has, under the custom of the land office, a right to re-locate his grant, independent of the assent of the Commonwealth, he can only do so where he does not interfere with intervening rights ; and here was an intervening right attaching itself to the land at a time when it might well d© *353 •so. No right can vest under Holliday’s warrant, without ex-eluding Houston’s survey. The appropriation of the land in question, by protraction, could have no validity till ratified by the state; while the land remained her property and subject to her disposal, that ratification might be made on what terms she pleased, and the point of time at which the title should commence would be a matter between her and the grantee. Put I deny, that the state, having granted this land to Houston, at a time when she was the absolute owner of it, could-by any after act vest, even colour of title in a third person, to commence for any purpose or in any point of view prior to such grant. The original contract between Houston and the state, looked to an appropriation by a survey in the usual manner ,• but it was not executed by the grantee ; for no such appropriation of the land in dispute was ever made." ■ The acceptance of an appropriation of a different sort by a protraction on paper, was a new contract, which co.uld not have a retrospective operation against a prior grantee. I therefore think the defendants derive no title under Holliday’s warrant, for that warrant was never executed on the land in dispute ; but their title from the state, such as it is, (and even a patent could give but colour of title,) must take date from the return of their survey. This 'being the case, and the patent under which the plaintiffs claim being earlier than the return, its recitals were evidence to shew, that the interest of Houston was vested in the patentees.
■ A defendant cannot use the recitals in a plaintiff’s patent, to shew an outstanding title in a third person ; for those recitals being in the nature of a confession must, if they are used at all, be all taken together.' The defendant will not be permitted to select such parts as operate in his favour, and reject the rest. If he will shew title in a third person by the recitals of a patent, he makes all the recitals it contains < evidence as well against him as for him j he can only avoid their operation by not having recourse to them, but producing the original title papers of such outstanding title. I am of opinion, the judgment ought to be affirmed.
Judgment affirmed.